# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHARLES HOLBROOK,

                                                             Case No. 22-mc-50209

    Petitioner,

v.

                                                             HON. DENISE PAGE HOOD

STATE OF MICHIGAN,

    Respondent.

_____/

## ORDER DENYING PETITION FOR
## LEAVE TO FILE NEW HABEAS CASE
## and
## CLOSING MISCELLANEOUS MATTER

Petitioner Charles Holbrook again seeks permission for leave to file a new habeas case complaint pursuant to a court order dated June 15, 2020 entered by the Honorable Laurie J. Michelson. (Case No. 20-10205, ECF No. 41) As noted by Judge Michelson, Petitioner "has become a serial filer of petitions for habeas corpus (listing the cases Petitioner has filed in this District) ..." (ECF No. 41, PageID.149-50) Judge Michelson further noted that Petitioner's subsequent "'petitions' are really nothing more than letters in which Holbrook simply repeats his outrage over his conviction and the Court's refusal to grant him relief." *Id*. Also, Judge Michelson stated that the Sixth Circuit has ruled that Petitioner may no longer bring a habeas petition unless he receives authorization from that court. *Id.*

The Sixth Circuit has held that district courts may properly enjoin vexatious litigants from filing further actions against a defendant without first obtaining leave of court. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); see also, *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). "There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers,* 141 F.3d at 269. A district court need only impose "a conventional prefiling review requirement." *Id.* The traditional tests applicable to preliminary injunction motions need not be applied since the district court's prefiling review affects the district court's inherent power and does not deny a litigant access to courts of law. See *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984). A prefiling review requirement is a judicially imposed remedy whereby a plaintiff must obtain leave of the district court to assure that the claims are not frivolous or harassing. See e.g., *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996). Often, a litigant is merely attempting to collaterally attack prior unsuccessful suits. *Filipas*, 835 F.2d at 1146.

Petitioner again challenges his conviction, which this Court and the Sixth Circuit Court of Appeals have dismissed on several occasions. Petitioner's latest filing is not taken in good faith and is frivolous. A subsequent petition that raises claims presented in a prior habeas petition must be dismissed. *In re West*, 402 F.

App'x 77, 78 (6th Cir. 2010) (citing 28 U.S.C. § 2244(b)(1)).  Because Petitioner's claims have been previously raised and addressed by this Court and the Sixth Circuit Court of Appeals, Petitioner will not be given permission to file another habeas petition.

Accordingly,

IT IS ORDERED that Petitioner's petition for permission for leave to file a new habeas case  complaint pursuant to a court order dated June 15, 2020 entered by the Honorable Laurie J. Michelson **(ECF No. 1)** is DENIED and this matter is DISMISSED and deemed CLOSED on the docket.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge[1]

DATED: February 23, 2022

---

[1] As of February 21, 2022, the undersigned is no longer the Chief Judge of this District.